**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| DR. HERBERT R. PUTZ, ET AL., | : | CIVIL ACTION NO. 3:09-CV-00003 |
| PLAINTIFFS | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| MICHAEL H. GOLDEN, ET AL., | : | JUDGE NORMAN K. MOON |
| DEFENDANTS | : | |

On December 31, 2009, I issued a Memorandum Opinion and Order granting Defendants' motion to dismiss for lack of personal jurisdiction. On January 11, 2010, Plaintiffs filed a "Motion to Alter or Amend Judgment or in the Alternative to Transfer" (docket no. 39), and Defendants filed a response on January 24, 2010. For the reasons that follow, I will deny Plaintiffs' motion.[1]

**I.**

Plaintiffs request reconsideration of the dismissal "pursuant to Rule 59(e) or Rule 60(b)" of the Federal Rules of Civil Procedure. Because Plaintiffs styled their motion as a "Motion to Alter or Amend Judgment," and filed their motion within 28 days of the entry of judgment, I will evaluate their motion under Rule 59(e).[2] A motion for reconsideration under Federal Rule of Civil Procedure 59(e) is committed to the discretion of the Court. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402 (4th Cir. 1998). The Fourth Circuit recognizes "three grounds for amending an earlier

---

[1] I decline to reiterate the facts of this case, which have previously been set forth in my Memorandum Opinion of May 5, 2009 (vacated on May 7, 2009), in the Magistrate Judge's Report and Recommendation, and in my Memorandum Opinion of December 31, 2009.

[2] Prior to December 1, 2009, Rule 59(e), "**Motion to Alter or Amend a Judgment**," required that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Effective December 1, 2009, the Rule was revised to require that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Prior to December 1, 2009, under the 10-day version of Rule 59(e), "[i]f a motion [was] served within ten days of the rendition of judgment, the motion ordinarily [would] fall under Rule 59(e). If the motion [was] served after that time it [fell] under Rule 60(b)." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. at 403. In effect, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id*. (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. As a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id*. (quoting 11 Wright et al., Federal Practice and Procedure § 2810 .1, at 124 (2d ed. 1995)).

The instant motion rehearses the exact same arguments that Plaintiffs have already presented. Indeed, the instant motion specifically acknowledges that it presents the very same arguments that I have already rejected. "Rule 59(e) may not be used to resurrect facts and legal theories already considered and rejected by the court." *Pac. Ins. Co.*, 148 F.3d at 403 (4th Cir. 1998); *see also Wadley v. Park at Landmark, LP*, Civil Action No. 1:06cv00777, 2007 U.S. Dist. LEXIS 24692 (E.D. Va. 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion."); *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge.").

Because Plaintiffs have failed to raise any of the three permissible grounds upon which a rule 59(e) motion may be established, and have merely raised arguments that I have previously rejected,

2

I will deny the motion to alter or amend the judgment of December 31, 2009.[3]

**II.**

Plaintiffs have asked that I reinstate the case and transfer it to either Washington or New York. When a plaintiff could have reasonably foreseen that the forum in which he filed was improper, the Court has the discretion to deny a request to transfer the case to another forum. *Nichols v. G. D. Searle & Co.*, 991 F.2d 1195, 1201-1202 (4th Cir. 1993). Plaintiffs clearly chose to file this action in the United States District Court for the Western District of Virginia, and they have insistently litigated that it was appropriate for them to do so. Yet, in the instant motion, Plaintiffs implicitly concede that the events relevant to this action did not occur in Virginia, stating that "[a]ll of the evidence and documents indicate clear personal jurisdiction over the Defendants in both the Southern District of New York and the Western District of Washington."[4] And, as I

---

[3] Plaintiffs' motion would likewise fail under a Rule 60(b) analysis. Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and such other reasons as set out in the Rule. Fed. R. Civ. P. 60(b). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). Significantly, as with Rule 59(e), the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. *CNF Constructors, Inc. v. Dohohoe Construction Co.*, 57 F.3d 395, 401 (4th Cir. 1995). Plaintiffs have not alleged any of the factors listed in Rule 60(b) which would support granting the requested relief, given that the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. *Id*. Accordingly, relief under Rule 60(b) is not appropriate.

[4] Plaintiffs' motion states further:

Panonia Realty Corp., which Defendants legally incorporated before transferring ownership to Dr. Putz, was incorporated in New York and held its initial meeting in Port Chester, N.Y. Port Chester is located in Westchester County, within the jurisdiction of the Southern District of New York. As for the Western District of Washington, in 1987 Defendants were residents of Bellingham, WA, and currently reside in Bellevue, WA, both of which are within the jurisdiction of the Western District of Washington.

3

previously observed in my Memorandum Opinion of December 31, 2009, Defendants' "contact with Putz in Virginia, *i.e.*, merely transmitting the 2005 affidavit, which Putz prepared, demonstrates minimal relation to the Commonwealth of Virginia and is clearly insufficient to warrant a finding of personal jurisdiction." Plaintiffs filed their case in the inappropriate forum, imposing substantial and unnecessary costs on Defendants, and I find that it is inappropriate for me to transfer the case.[5] *See Nichols*, 991 F.2d at 1201-1202.

### III.

For the reasons stated herein, Plaintiffs' "Motion to Alter or Amend Judgment or in the Alternative to Transfer" (docket no. 39) will be denied.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 18th day of February, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] I add that, even were I inclined to grant a motion to transfer the case, Plaintiffs have not properly indicated where they would have it transferred. It would be inappropriate for me to transfer the case to my choice between the Western District of Washington or the Southern District of New York, when Plaintiffs could have expressed a clear preference for one or the other.